UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| JASON L. SANDERS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:07-cv-360 |
| | ) | |
| v. | ) | Honorable Gordon J. Quist |
| | ) | |
| UNKNOWN BACHUS et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Michigan Department of Corrections (MDOC) Director Patricia Caruso, Warden Cindi Curtin, Hearings Officer Elizabeth Buren and Hearings Investigator Unknown Sheibner. The Court will serve the complaint against Defendants Resident Unit Manager (RUM)

Robert Sanders and Correctional Officers Unknown Bachus, Unknown Sheiling and Unknown Guzicowski.

## Discussion

   I.   Factual allegations

Plaintiff is currently incarcerated at Oaks Creek Correctional Facility. In his *pro se* complaint, he sues MDOC Director Patricia Caruso, Warden Cindi Curtin, Hearings Officer Elizabeth Buren, Hearings Investigator Unknown Sheibner, Resident Unit Manager (RUM) Robert Sanders and Correctional Officers Unknown Bachus, Unknown Sheiling and Unknown Guzicowski.

In his *pro se* complaint, Plaintiff alleges violations of Eighth Amendment rights by Defendants Guzicowski, Bachus, Sheibner and Sanders. First, Plaintiff alleges that on December 18, 2006, Defendant Guzicowski made verbal threats to Plaintiff while escorting him to the yard and, once they arrived at the yard, Defendant Guzicowski grabbed Plaintiff by the neck and dragged him back to his cell from the yard. (Compl. at 2, docket # 1.)[1]

Plaintiff also alleges that on January 23, 2007, Defendants Bachus and Sheiling assaulted him in his cell after escorting Plaintiff from the yard. (*Id.* at 4.) Plaintiff alleges that Defendants Bachus and Sheiling pulled on the tethers attached his handcuffs, playing "tug-of-war" and slammed his hands in the food slot causing Plaintiff to yell in pain. (*Id.*) Plaintiff further alleges that they then tied Plaintiff to the upper door handle and left him hanging in that position for two to three hours. (*Id.* at 6.) Plaintiff alleges that he was taunted by Defendants Bachus and Sheiling for the following week.

---

[1] For clarity and ease, the Court will use the page number assigned to Plaintiff's complaint by CM/ECF.

- 2 -

Plaintiff also alleges that he sent "kites" to and spoke with Defendant Sanders about the alleged harassment and abuse. (*Id.* at 4, 6.) Plaintiff alleges that Defendant Sanders violated his Eighth Amendment rights by failing to address the harassment Plaintiff was enduring. (*Id.* at 7.)

Plaintiff alleges that Defendant Buren violated his due process rights by finding Plaintiff guilty of a misconduct on January 23, 2007, when no witnesses testified and neither the video or misconduct report were reviewed at the hearing. (*Id.* at 6, 7.) Plaintiff does not specify why he was given the misconduct or attach a copy of the misconduct. Plaintiff alleges that Defendant Sheibner violated his due process rights in failing to conduct a thorough investigation of the misconduct charge. (*Id.* at 7.) Plaintiff alleges that Defendant Curtin violated his due process rights by refusing to investigate Plaintiff's claims and Defendant Caruso was aware of the harassment and did not act to prevent it. (*Id.* at 6-8.)

Plaintiff seeks declaratory relief finding that Defendants Bachus, Sheiling, Guzicowski and Sanders violated his Eighth Amendment rights and Defendants Sheibner, Buren Curtin and Caruso violated his Fourteenth Amendment rights. Plaintiff seeks an injunction to place him in the general population at another facility and to have his institutional record cleared of misconduct convictions. Plaintiff seeks monetary damages from all Defendants. (*Id.* at 9-10.)

    II.    <u>Failure to state a claim</u>

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under

color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A.     Defendants Buren and Sheibner

Plaintiff sues Defendant Buren, alleging that she failed to review certain evidence and conduct a proper hearing regarding Plaintiff's misconduct convictions. Plaintiff sues Defendant Sheibner, alleging that he failed to conduct a thorough investigation of Plaintiff's misconduct. Plaintiff seeks to have the convictions expunged from his record and "restoration of all rights and privileges." (Compl. at 9.)

The Supreme Court has held that claims for declaratory relief and monetary damages, which necessarily imply the invalidity of the punishment imposed, are not cognizable under § 1983 until the conviction has been overturned. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (addressing allegations of deceit and bias on the part of the decision maker in a misconduct hearing). The Court relied upon *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), which held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, *or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid,* a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *Edwards*, 520 U.S. at 646 (emphasis in original). As the Supreme Court recently has stated, "[t]hese cases, taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate

the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). Thus, where a prisoner's claim of unfair procedures in a disciplinary hearing necessarily implies the invalidity of the deprivation of good-time credits, his claim is not cognizable under § 1983. *Id.*; *see also Bailey v. McCoy*, No. 98-1746, 1999 WL 777351, at *2 (6th Cir. Sept. 21, 1999) (collecting Sixth Circuit decisions applying *Edwards* to procedural due process challenges). *See also Muhammad v. Close*, 540 U.S. 749 (2004) (holding that the *Heck-Edwards* bar applies to prison misconduct challenges only when good-time credits are implicated).

In *Muhammad*, the Supreme Court clarified that *Edwards* requires the favorable termination of a disciplinary proceeding before a civil rights action may be filed only in cases where the duration of the prisoner's sentence is affected. *See Johnson v. Coolman*, No. 03-1909, 2004 WL 1367271, at *1 (6th Cir. June 15, 2004). In other words, *Edwards* still applies where a plaintiff has lost good-time credits as the result of the misconduct conviction. Under Michigan law, a prisoner loses good-time credits for the month of his major misconduct disciplinary conviction. *See* MICH. COMP. LAWS § 800.33. In addition, the warden may order forfeiture of previously accumulated credits in cases. *Id.* Plaintiff does not assert that he did not forfeit good-time credits for the month of his conviction. Accordingly, Plaintiff's claim remains noncognizable under § 1983 because a ruling on the claim would, if established, necessarily imply the invalidity of his disciplinary conviction. *See Shavers v. Stapleton*, No. 03-2210, 2004 WL 1303359, at *1 (6th Cir. June 9, 2004).

Under Michigan law, a prisoner may seek a rehearing of a decision made by the Hearings Division within thirty calendar days after a copy of the Misconduct Report is received. MICH. COMP. LAWS § 791.254; Policy Directive 03.03.105, ¶ DDD. Upon denial of his motion for

rehearing, a prisoner may file an application for leave to appeal in the state circuit court. *See* MICH. COMP. LAWS § 791.255(2); Policy Directive 03.03.105, ¶ GGG (concerning appeal). If he is not successful, he may then seek to overturn the convictions by bringing a federal habeas corpus action.[2] Accordingly, because Plaintiff has not shown that his conviction has been invalidated, his claim is not presently cognizable. He therefore fails to state a claim on which relief can be granted against Defendants Buren[3] and Sheibner. *See Morris v. Cason*, No. 02-2460, 2004 WL 1326066, at *1 (6th Cir. June 10, 2004) (a claim barred by *Heck* is properly dismissed for failure to state a claim); *Murray v. Evert*, No. 03-1411, 2003 WL 22976618, at *2 (6th Cir. Dec. 8, 2003) (same); *Harris v. Truesdell*, No. 03-1440, 2003 WL 22435646, at *2 (6th Cir. Oct. 23, 2003) (*Heck*-barred claim fails to state a claim and is frivolous).

### B. Defendants Caruso and Curtin

Plaintiff fails to make specific factual allegations against Director Caruso and Warden Curtin, other than his claim that they failed to conduct an investigation in response to his grievances. A claimed constitutional violation must be based upon active unconstitutional behavior. *Greene v.*

---

[2] A misconduct conviction results in the loss of good-time credits, which is equivalent to a loss of a "shortened prison sentence." *See Wolff v. McDonnell*, 418 U.S. 539, 556-57 (1974). A challenge to a "shortened prison sentence" is a challenge to the fact or duration of confinement that is properly brought as an action for habeas corpus relief. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973). However, a prisoner must exhaust available state remedies before bringing a habeas corpus action, which would include appealing the conviction through the state courts. *See* 28 U.S.C. § 2254(b)(1).

[3] The Court further notes that to the extent Plaintiff seeks an award of monetary damages against Defendant Buren, she has absolute immunity. The Sixth Circuit, recognizing that a Michigan hearings officer has adjudicatory functions spelled out by statute in the nature of an administrative law judge, has held that hearings officers are entitled to absolute judicial immunity in relation to actions within the officer's authority. *Shelly v. Johnson*, 849 F.2d 228, 229 (6th Cir. 1988); MICH. COMP. LAWS § 791.251-55. *See also Williams v. McGinnis*, Nos. 02-1336, 02-1837, 2003 WL 245352, at *2 (6th Cir. Jan. 31, 2003) (recognizing that Michigan's prison hearings officers are entitled to absolute immunity); *Thompson v. Mich. Dep't of Corr.*, No. 01-1943, 2002 WL 22011, at *1 (6th Cir. Jan. 2, 2002) (same); *Gribble v. Bass*, No. 93-5413, 1993 WL 524022, at *1 (6th Cir. Dec. 16, 1993) (same). Plaintiff's action fails because Defendant Buren is absolutely immune under the circumstances of this case.

*Barber*, 310 F.3d 889, 899 (6th Cir. 2002).  The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act.  *Id*.; *Summer v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004).  Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance.  *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).  Plaintiff has failed to demonstrate that Defendants Caruso or Curtin engaged in any active unconstitutional behavior.  Accordingly, he fails to state a claim against them.

## **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Defendants MDOC Director Patricia Caruso, Warden Cindi Curtin, Hearing Officer Elizabeth Buren and Hearing Investigator Unknown Sheibner will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  The Court will serve the complaint against Defendants RUM Robert Sanders and Correctional Officers Unknown Bachus, Unknown Sheiling and Unknown Guzicowski.

An Order consistent with this Opinion will be entered.


Dated:  August 8, 2007                                              /s/ Gordon J. Quist
                                                                                     GORDON J. QUIST
                                                                           UNITED STATES DISTRICT JUDGE